IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**TRISHA RENEE HAIGHT,**

Plaintiff,

v.

**UNITED STATES DEPARTMENT OF
AGRICULTURE-RURAL DEVELOPMENT,**

Defendant.

Case No. 1:17-cv-00014-CL

**REPORT AND
RECOMMENDATION**

CLARKE, Magistrate Judge

Plaintiff Trisha Renee Haight filed this cause of action in the Jackson County Circuit Court in Jackson County, Oregon on August 11, 2016. Defendant United States Department of Agriculture-Rural Development ("USDA") removed the case to federal court on January 4, 2017. The case comes before the Court on the USDA's motion (#9) to set aside the default judgment of the Jackson County Circuit Court. The USDA also moves to dismiss Plaintiff's Complaint. To date, Ms. Haight has not appeared in this action. For the reasons below, the motion to set aside the default judgment (#9) should be GRANTED. The motion to dismiss (#12) will be deferred until the Court after sends the Plaintiff a Pro Se Advice Letter and Plaintiff is given an adequate time to respond.

## DISCUSSION

Plaintiff's Complaint was filed on August 18, 2016, in the Jackson County Circuit Court for the State of Oregon. The Complaint indicated that Plaintiff had entered into a contract for a mortgage with the defendant USDA, on a property located at 202 South Rose Street, Phoenix, Oregon, in March of 2008. Plaintiff alleged many claims against the USDA arising out of that mortgage and transaction, including breach of contract and unlawful foreclosure. On October 28, 2016, Plaintiff obtained an Ex Parte Order of Default and Judgment from the Jackson County Circuit Court.

Defendant USDA has now removed the case to federal court, and moved to set aside the default judgment. Defendant asserts that the United States was never formally served by Plaintiff with any of the documents filed in state court. Additionally, the USDA claims that the state court lacked the subject matter jurisdiction to consider and enter a final judgment against a federal agency.

The federal court takes a removed case "as it finds it on removal." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir.1963). If a default judgment is entered before removal, it is treated as a validly rendered default judgment in a federal proceeding. *Id.* at 785–86. After removal, federal law rather than state law governs the future course of the proceedings, notwithstanding any orders or judgments issued prior to removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 437 (1974). Therefore, it is proper for a movant in a removed case to file a motion to set aside a default in the federal case under Federal Rule of Civil Procedure 60(b). *Butner*, 324 F.2d at 786. Indeed, the federal court can perform any act that it could have as if the case originated in federal court. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir.1988) (A federal court may

dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal. A state court summary judgment did not foreclose modification of the judgment in federal court.).

The Federal Rules of Procedure therefore determine whether Plaintiff's motion to set aside should be granted. Rule 55(c) states: "Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) states:

> b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 1. mistake, inadvertence, surprise, or excusable neglect;
> 2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 4. the judgment is void;
> 5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6. any other reason that justifies relief.

In this case, the USDA is seeking to set aside a state judgment. "It is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court." *Hawes v. Cart Prod., Inc.*, 386 F.Supp.2d 681, 689 (D.S.C.2005) (discussing extensive case law and examples). *See also Berberian v. Gibney*, 514 F.2d 790, 793 (1st Cir.1975) (holding federal court can vacate when default entered after removal); *Butner v. Neustadter*, 324 F.2d 783, 785-786 (9th Cir. 1963) (finding a federal court had power to set aside default even when state court lacked power to do so). A federal court has the power to set aside a default entered in state court in three situations: (1) "when a state court lacked jurisdiction to make an entry of default;" (2) "when a state court could have vacated its own default judgment;"

and (3) "when a federal court could have vacated the entry of default." *Hawes,* 386 F.Supp.2d at 689. For instance, courts in the Ninth Circuit have held that a federal court has the power to vacate a default judgment where the defendant was improperly served. *Cady v. Associated Colonies,* 119 F. 420, 423–24 (C.C.N.D.Cal.1902). *See also Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423 (9th Cir.1973) (holding that where defendant improperly served state default judgment is void).

Proper service of the United States and its Agencies is governed by Federal Rule of Civil Procedure 4(i):

> To serve the United States, a party must:
> **(A)** **(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

A review of the record in this case shows that Plaintiff, Ms. Haight, attempted to serve the United States by sending a copy of the Complaint to 790170 Post Office Box, Saint Louis, Missouri. This P.O. Box is a mortgage loan payment address under the control of U.S. Bank in St. Louis, Missouri, and it is meant to be utilized by borrowers for remitting payments on loans serviced by the USDA. It is not the address for "the United States attorney for the district where the action is brought," nor is it the address for the civil-process clerk, nor the address for the Attorney General of the United States at Washington D.C. Because the defendant USDA was improperly served, the state court default judgment is void and should be set aside.

Plaintiff has been served at her last known address, via First Class Mail, with copies of the USDA's Notice of Removal, the motion to set aside default judgment, and the motion to dismiss (#12), which was filed on February 24. To date, she has not appeared in federal court in this action. Because it is clear that the state court default judgment is void, it should be set aside. However, Plaintiff should be given every opportunity to appear and to respond to Defendant's motion to dismiss (#12). Therefore the Court will send Plaintiff a pro se Advice Letter regarding the motion to dismiss, and grant her extra time to appear and respond to that motion before the Court takes it under advisement.

## RECOMMENDATION

Defendant's motion to set aside the default judgment (#9) should be GRANTED because the state court default judgment is void for improper service on the USDA.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 28 day of April, 2017.

MARK D. CLARKE
United States Magistrate Judge