IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**TRISHA RENEE HAIGHT,**

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Case No. 1:17-cv-00014-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge

Plaintiff Trisha Renee Haight brings this action as an unrepresented litigant against the defendants, the United States of America ("the government"), alleging fraud, negligence, discrimination, theft, and breach of contract. The allegations arise out of a contract between the parties for a mortgage on a property located at 202 South Rose Street, Phoenix, Oregon 97535. The government removed the case to federal court on January 4, 2017, and the case comes before the Court now on the government's motion to dismiss (#12) based on lack of subject matter jurisdiction and insufficient service of process. For the reasons below, the motion should be granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff claims that she entered into a contract with the United States Department of Agriculture - Rural Development ("USDA") for a mortgage on a property located at 202 South Rose Street, Phoenix, Oregon 97535, in March, 2008, and her allegations arise out of this mortgage. She claims that the government stated that she qualified for a subsidy, "yet refused to activate the subsidy upon the mortgage." Plaintiff claims that the government states that she "qualified for a moratorium, yet refused to activate the moratorium upon the mortgage." Plaintiff asserts that the government "accelerated foreclosure although [the parties were] in litigation for foreclosure and has refused for approximately over 1 year to contact Judge Oliver and Six Rivers Mediation Service so that plaintiff may utilize her right to a formal mediation." She asserts that the government's "contracted affiliate informed plaintiff that the Hearing for Acceleration was suspended and indeed it was not. The hearing was held and took place without Plaintiff's knowledge or presence." Plaintiff also claims that the government "informed plaintiff she was being overcharged monthly and that they did not process her paperwork correctly, yet refused to rectify the situation."

Plaintiff claims that the government purported to agree to a "Fixed Percentage Rate, yet adjusted said rate on two occasions from 1% on contract, up to 3% upon 1st adjustment, then to 5%, without plaintiff's knowledge or approval, nor did plaintiff sign any new contract." She also asserts that the government "fractionalized" the mortgage without her knowledge or consent.

## DISCUSSION

### I. Defendant's motion to dismiss for lack of subject matter jurisdiction is moot.

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the

claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

The government's motion to dismiss states that it moves "pursuant to Rule 12(b)(1) because the State Court lacks jurisdiction over the claims." USDA Mtn. Dis. 19. The government admits that "the federal statute and applicable regulations establish that jurisdiction to review a decision by the NAD [National Appeals Division] is available only in the appropriate United States District Court." Because the case has been removed from Jackson County Circuit Court and is now heard in the United States District Court for the District of Oregon, the government's motion is moot and should be denied.

The Court agrees, however, that to the extent that Plaintiff attempts to bring any tort claims against the government, the claims fail because under the Federal Tort Claims Act ("FTCA"), plaintiffs must present their tort claims to the appropriate federal agency prior to filing suit against the United States. 28 U.S.C. § 2675(a). Plaintiff has not alleged in her Complaint that such an administrative claim or tort notice was filed or served on the USDA, nor has she so contended in her response brief. Plaintiff's tort claims should therefore be dismissed without prejudice to refiling if she can properly allege that she exhausted her administrative remedies or provided the proper tort claim notice to the USDA.

## II. Defendant's motion to dismiss for insufficient service of process

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of actions for "insufficiency of service of process." To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—**or**
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). The court must allow a party a reasonable time to cure its failure to:

> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(i)(4).

Presently, it does not appear that this Court has personal jurisdiction over the defendant as the government has not been properly served. However, "a pro se plaintiff's failure to comply with service requirements under Rule 4(i) does not require dismissal of the complaint if (a) the party to be personally served had actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed." *Humphrey v. Decker*, 173 F.R.D. 529, 531 (E.D. Wash. 1997) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir.1984); *Clark v. Inspector Gen. of the U.S. Dep't of Agric.*, 944 F.Supp. 818, 820 (D.Or.1996)).

The Court finds that the defendant has communicated, or attempted to communicate, with the Plaintiff multiple times, and has now appeared in this proceeding, and therefore has actual notice. The default judgment granted by the state court has been vacated and therefore the defendant will suffer no prejudice from the defect in service. The Plaintiff, pro se, attempted to serve the government at the address she believed was proper for the USDA via certified mail, and she submitted the returned receipts. While this was clearly not adequate for service on the United States, the Court finds that there is justifiable excuse for the failure to properly serve. Finally, Plaintiff, as an unrepresented litigant, would be severely prejudiced if the complaint were dismissed.

## RECOMMENDATION

The government's motion to dismiss (#12) should be granted in part and denied in part. Plaintiff's tort claims should be dismissed to the extent that she has not alleged that she exhausted her administrative remedies or provided adequate tort claim notice to the government prior to filing suit. Plaintiff should be given leave to file an amended complaint within 30 days

of a decision by the District Court to properly allege administrative exhaustion or notice, if possible. All other claims should remain, and defendant should file a responsive pleading.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this \_\_\_7\_\_\_ day of August, 2017.

MARK D. CLARKE
United States Magistrate Judge