IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TRISHA RENEE HAIGHT**,

    Plaintiff,

  v.

**UNITED STATES OF AMERICA**,

    Defendant.

No. 1:17-cv-00014-CL

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, Trisha Renee Haight, filed a civil action against the United States of America ("Government") as an unrepresented litigant in Jackson County Circuit Court and received a default judgment in the amount of $337,915.72. The Government subsequently removed the case to federal district court and moved to vacate the state court judgment and dismiss Plaintiff's claims. Magistrate Judge Mark D. Clarke recommended that I vacate the state court judgment and this Court adopted his recommendation in full on May 1, 2017. Magistrate Judge Clarke subsequently issued a Findings and Recommendation ("F&R") on August 7, 2017, in which he recommended that I grant in part and deny in part the Government's motion to dismiss. The matter is now before this Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    This Court reviews all portions of the F&R subject to objection *de novo*. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff and Defendant both timely filed objections. Upon review, this Court adopts Magistrate Judge Clarke's F&R, with the exception that Plaintiff's breach of contract claim is dismissed due to a lack of subject matter jurisdiction and her claims for perjury, violation of the

Privacy Act of 1974, and violations of the Fair Debt Collection Practices Act ("FDCPA") are also dismissed for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint, in accordance with the Court's discussion below, with a more definite statement of her claims and the basis for this Court's jurisdiction.

## BACKGROUND

The present dispute arises out of events surrounding a contract Plaintiff entered into with the United States Department of Agriculture – Rural Development ("USDA") in March 2008 for a mortgage on a property located at 202 South Rose Street, Phoenix, Oregon 97535. From April 2008 through April 2013, Plaintiff received monthly payment assistance and unsuccessfully sought a payment moratorium on her mortgage with the USDA. In January 2015, after missing thirty consecutive payments, the USDA accelerated Plaintiff's loan due to monetary default. Plaintiff administratively appealed the USDA's notice of acceleration and, after exhausting her appeals, received an adverse final determination from the USDA on December 30, 2015.

Plaintiff now alleges a litany of common law theories of civil liability, including fraud, negligence, theft, defamation, and breach of contract. She further alleges that the Government violated both the Privacy Act of 1974 and Fair Debt Collection Practices Act, as well as perjured itself on multiple occasions. Plaintiff originally filed her complaint in Jackson County Circuit Court, where she obtained a default judgment in the amount of $337,915.72 on October 28, 2016 after the Government failed to enter an appearance in the case. Upon learning of the judgment, the Government removed the case to federal district court and moved to have it vacated. On April 28, 2017, Magistrate Judge Clarke recommended that this Court vacate the judgment based on Plaintiff's failure to properly serve the Government. I adopted Magistrate Judge Clarke's recommendation in full and vacated the state court judgment on May 1, 2017.

The Government now moves to dismiss Plaintiff's complaint based on the state court's lack of subject matter jurisdiction and insufficient service of process. In his F&R, Magistrate Judge Clarke recommends that this Court dismiss all of Plaintiff's tort claims with leave to refile them in an amended complaint and allow "all other claims to remain." Both parties filed timely objections to Magistrate Judge Clarke's recommendations. The matter is now before this Court.

## DISCUSSION

This case presents four issues for review.[1] First, Defendant objects to Judge Clarke's recommendation that her tort claims be dismissed for failure to exhaust administrative remedies. Second, there is a question as to whether this Court has subject matter jurisdiction over Plaintiff's breach of contract claim. Third, there is a question as to whether Plaintiff has stated claims upon which relief can be granted for perjury and violations of both the Privacy Act and FDCPA. Finally, the Government objects to Judge Clarke's recommendation that Plaintiff's deficient service of process be excused. I address each issue in turn.

### I. The Court Adopts Magistrate Judge Clarke's Finding That Plaintiff Failed to Exhaust Administrative Remedies With Respect to Her Tort Claims.

Plaintiff objects to Magistrate Judge Clarke's recommendation that her tort claims be dismissed for failure to exhaust administrative remedies. Under the Federal Tort Claims Act ("FTCA"), the United States may be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. To bring suit pursuant to the FTCA, however, a claimant must "first "present[ ] the claim to the appropriate Federal agency" within two years of the accrual of the claim and receive "a final denial of that claim . . . in writing." 28 U.S.C. § 2675(a). A claim is "deemed to have been presented" when

---

[1] Magistrate Judge Clarke correctly concluded that the question of state court jurisdiction is moot. The Government does not contest his finding and this Court need not address the issue. As discussed *infra*, however, there are obstacles to this Court's exercise of subject matter jurisdiction.

the relevant agency "receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2. Under regulations promulgated by the USDA, the completed Form 95 must be filed with the agency's Office of General Counsel. *See* 7 C.F.R. § 2.31(a)(1).

As Magistrate Judge Clarke notes in his F&R, Plaintiff's complaint and response brief contain no assertion that she previously filed her tort claims with the Office of General Counsel. In her objections to the F&R, Plaintiff states that she "presented [her] TORT claims upon multiple occasions to multiple departments, branches, [and] contracted affiliates of the [USDA], before filing suit." She further asserts that, prior to filing suit, she contacted Nationwide Core Advisory Group ("NCAG"), a non-governmental consumer advocacy organization, and that NCAG "stated they would handle [her] complaints with all of the appropriate Federal Branches necessary." Although Plaintiff administratively challenged and appealed the USDA's decision to accelerate her loan, she does not allege in her complaint, and there is no record to suggest, that she filed any formal tort claims with the Office of General Counsel. For purposes of the FCTA's administrative exhaustion requirement, it is insufficient to informally raise tort claims with the relevant agency or to present tort claims to a non-governmental entity.

Nevertheless, as an unrepresented litigant, Plaintiff must be "given an opportunity to amend [her] complaint . . . unless it clearly appears that the deficiency cannot be overcome by amendment." *Gillespie v. Civiletti*, 629 F.3d 637, 640 (9th Cir. 1980). To move past the pleadings stage, a litigant need only "allege generally that all conditions precedent," such as exhaustion of administrative remedies, "have occurred or been performed." Fed. R. Civ. P. 9(c). This is a generous standard and it is possible that Plaintiff may non-frivolously allege present

exhaustion of administrative remedies, or, in the alternative, that she may yet exhaust such remedies. Since this is Plaintiff's first complaint, and there is nothing to suggest that she will be unable to properly allege her FTCA claims after amendment, the Court adopts Magistrate Judge Clarke's recommendation and dismisses all tort claims with leave for Plaintiff to file an amended complaint clearly alleging exhaustion of her administrative remedies.[2]

## II. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Breach of Contract Claim and Dismisses it With Leave to File an Amended Complaint.

This Court also lacks subject matter jurisdiction over Plaintiff's contract claim. In the context of civil suits against the Government, this Court's jurisdiction is constrained by the doctrine of sovereign immunity. It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). To consent to suit, the Government must "unequivocally" waive its immunity in the text of a statute. *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). Over the years, Congress has enacted numerous statutes in which it has waived the Government's sovereign immunity and made it amenable to suit in federal court. However, since the subject matter jurisdiction of federal courts is contingent on the Government's waiver of sovereign immunity, this Court must raise the issue *sua sponte* and dismiss any portion of an action to which the Government has not consented. *See* Fed. R. Civ. P. 12(h)(3).

There are two statutory waivers of sovereign immunity relevant to the present dispute. The first waiver is found in the Tucker Act. *See* 28 U.S.C. §§ 1361, 1491. The Tucker Act

---

[2] Plaintiff further objects to dismissal of her torts claims on the grounds that Jackson County Circuit Court retains jurisdiction over such claims and that her default judgment is valid. This Court already determined that the default judgment was void and the case was removed to federal court. Thus, as Magistrate Judge Clarke notes, the question of whether the state court has jurisdiction over any aspect of Plaintiff's action is moot. This fact notwithstanding, it is clear that the state court lacked jurisdiction, as the federal government never waived its sovereign immunity and consented to suit in state court. *See infra* pages 5-6. The Oregon statute cited by Plaintiff in her objections, ORS 468.085, is a waiver of the *state's* sovereign immunity—it does not, and could not, waive *federal* immunity.

confers jurisdiction over non-tort claims for "money damages" founded upon, inter alia, "any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2); *see also Mitchell*, 463 U.S. at 216 ("If a claim falls within the terms of the Tucker Act, the United States has presumptively consented to suit."). It divides jurisdiction between the federal district courts and the Court of Federal Claims, with the latter exercising exclusive jurisdiction over claims exceeding $10,000, 28 U.S.C. § 1461(a)(1), and the former exercising concurrent jurisdiction over claims under $10,000, 28 U.S.C. § 1346(a). That is, to pursue a Tucker Act claim in federal district court, a plaintiff must seek $10,000 or less in money damages from the Government.

The second relevant waiver is found in the Administrative Procedures Act ("APA"). Under 7 U.S.C. § 6999, a "final determination of the [USDA's National Appeals Division] shall be reviewable . . . by any United States district court . . . in accordance with [the APA]." The APA authorizes suits for "relief other than money damages" where "an agency . . . acted or failed to act" in conformity with the law. 5 U.S.C. § 702. Although § 702 only provides for equitable relief and expressly bars a plaintiff from seeking "money damages," it does not prevent a plaintiff from requesting specific relief in the form of monetary benefits due to her under an entitlement program. *See Bowen v. Massachusetts*, 487 U.S. 879, 893-94 (1988). Still, an action pursuant to § 702 would not be an action for breach of contract, but rather a challenge to agency action denying or discontinuing a specific monetary entitlement. *See Columbus Reg'l Hosp. v. Fed. Emergency Mgmt. Agency*, 708 F.3d 893, 896 (7th Cir. 2013).

As Plaintiff's complaint is currently drafted, the Court lacks subject matter jurisdiction under both the Tucker Act and the APA. With respect to the Tucker Act, Plaintiff's complaint repeatedly alleges that the Government breached the parties' loan agreement, but never specifies how much she seeks in damages for such breaches. In the aggregate (after listing eleven

different causes of action) Plaintiff requests a total damage award of $84,092.86. Although this total amount does not preclude the Court from exercising jurisdiction under the Tucker Act, it is impossible to conclude that Plaintiff seeks $10,000 or less specifically with respect to her contract claim. Plaintiff's complaint also does not explicitly or implicitly assert that she is appealing the USDA's decision to accelerate her loan; indeed, the complaint makes no mention of that decision or the NAD's final determination. Although this is an easily remedied error, the current complaint makes no distinction between Plaintiff's contract claim and any judicial review she could request under 7 U.S.C. § 6999. Plaintiff's contract claim is therefore dismissed with leave to file an amended complaint specifically alleging money damages of $10,000 or less and/or expressly challenging the USDA's decision to accelerate her loan.[3]

## III. The Court Dismisses Plaintiff's Privacy Act Claim With Leave to File an Amended Complaint and Dismisses Plaintiff's FDCPA and Perjury Claims With Prejudice.

With respect to each remaining claim in her complaint, Plaintiff fails to state a claim upon which relief can be granted. A district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" pursuant to Fed. R. Civ. P. 12(b)(6). *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981). To state a claim, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court must accept as true all allegations of material fact and construe those facts in the light most favorable to the plaintiff, *Burget v.*

---

[3] In the alternative, if Plaintiff wishes to seek greater than $10,000 in damages for breach of contract, she may file a new suit in the Court of Federal Claims.

*Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

Plaintiff's complaint fails to state a claim for violation of the Privacy Act. The Privacy Act prohibits federal agencies from, among other things, disclosing certain types of personally identifiable records to third parties without the record subject's consent. 5 U.S.C. § 552a(b). It also requires that federal agencies holding certain types of personally identifiable records to provide the record with access to copy such records. 5 U.S.C. § 552a(d)(1). Although the statute provides a private right of action for money damages, it is limited to "intentional or willful" violations of the statute. 5 U.S.C. § 552a(g)(4). Plaintiff's complaint simply states that the USDA violated the Privacy Act and alleges no facts relevant to any violation of the statute, let alone an "intentional or willful" violation. Specifically, it makes no reference to unauthorized disclosures of Plaintiff's personal information or thwarted attempts to access any records in possession of the USDA. Although unrepresented litigants' pleadings are construed "liberally," mere "conclusory allegations" remain "[in]sufficient to withstand a motion to dismiss." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citations omitted). Plaintiff's claims are therefore dismissed with leave to file an amended complaint alleging facts which plausibly suggest the USDA's "intentional or willful" violations of the Privacy Act.

Plaintiff also fails to plead a viable claim for violation of the FDCPA. The FDCPA aims to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It provides that "any debt collector who fails to comply" with the statute's provisions shall be subject to civil liability. *Id.* § 1692k(a). By its terms, however, the FDCPA excludes from the definition of "debt collector" any "officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *Id.* §

1692a(6)(C). This includes agents acting on behalf of the Government. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (third-party student debt collector); *Hazlett v. U.S. Dep't of Educ.*, No. 1:17-cv-1026-LJO-BAM, 2017 WL 3601366 (E.D. Cal. Aug. 22, 2017) (same). Since Plaintiff's allegations arise solely from the conduct of the USDA and its agents, and any subsequent complaint therefore cannot cure the deficiency in her FDCPA claims, all claims pursuant to the FDCPA are dismissed with prejudice.[4]

Finally, because perjury is a criminal act and has no corresponding private right of action at common law, Plaintiff's perjury claim is also dismissed with prejudice.

### IV. The Court Adopts Magistrate Judge Clarke's Finding That Plaintiff Executed Adequate Service of Process on the Government.

The last matter before the Court is the Government's objection to Magistrate Judge Clarke's finding that Plaintiff adequately served process on the Government. I adopt in full Magistrate Judge Clarke's finding that Plaintiff's non-compliance with Fed. R. Civ. P. 4 (i)(1) is excused under the standard announced in *Borzek v. Heckler*, 739 F.2d 444 (9th Cir. 1984), though this Court's holding that Plaintiff must file an amended complaint likely renders moot the question of whether the original complaint was properly served. Moving forward, if Plaintiff elects to file an amended complaint, she must do so in compliance with Fed. R. Civ. P. 4(i)(1), which requires her to serve a copy of the summons and complaint on the United States Attorney for the District of Oregon, the United States Attorney General, and the USDA.

## CONCLUSION

---

[4] Plaintiff's FDCPA claims also raise a sovereign immunity problem, as the FDCPA contains no "unequivocal or express" waiver of sovereign immunity. *Ha v. U.S. Dep't of Educ.*, 680 F. Supp. 2d 45, 47 (D.D.C. 2010); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (concluding the same). This presents another incurable basis on which the Court must dismiss her FDCPA claims.

For the foregoing reasons, the Government's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's complaint is DISMISSED with leave to file an amended complaint, within 90 days of the date of this order, containing a more definite statement of her claims. Her claims for violations of the FDCPA and perjury are DISMISSED with PREJUDICE and may not be included in any amended complaint.

It is so ORDERED and DATED this 21st of September, 2017.

s/ Michael J. McShane
Michael J. McShane
United States District Judge